## Weekly Abstract of PENDING CASES

No. 955

PIKE et v. TWIN LAKES CO.

No. 19202.   Supreme Court

On motion to certify.   Dock. June 13, 1925; 3 Abs. 386.

1049. RIPARIAN RIGHTS—Does fact of ownership in a part of a lake bed, give rise to a right to boat and fish all over the waters in common with other owners?

In 1844, Orange Whitney was the owner of all the land underlying the waters of East Twin Lake west of the center line in Lot 76 and north of the South line of said lot; and was also owner of certain uplands. Of these, 10 acres were deeded to one James Tucker in 1850. Of the balance of the land, two tracts were covered by water and one tract of 42.75 acres was not, all of which was willed to Whitney's three daughters at his death, in 1867.

The tract of 42.75 acres was set aside to the heirs of Cleo Tucker, one of the daughters of Whitney; and the tracts under water were set aside for one Boakes in 1876 when there was a partition in the Portage Common Pleas. In 1875 Lydia Poe, another daughter had conveyed her interest in the land to the heir of Cleo Tucker. Louisa Whitney, the third daughter had at that time conveyed to one Thompson who had in turn conveyed to Boakes,

The premises decreed to Boakes in the partition suit were conveyed by him to one Hackett in 1881 and by various later transfers this tract was finally conveyed to Minerva Pike in 1902, which land at the death of her husband, by her will, was to be divided among Leland and Sumner Pike, the sons of said Minerva Pike.

The controversy centers upon the right of the Pikes as against that of the Twin Lakes Company to hunt, fish or carry on boating activities, which were indulged in by the Pikes before a subsequent transfer to the Lake Co. by the Tucker heirs. In 1910 the Pikes were enjoined from trespassing by boats used by them or their customers beyond the boundary so fixed as constituting the partition line between the submerged lands of the Tucker heirs and the Pikes.

The Court of Appeals of Portage County found that the Twin Lakes Company was the owner in fee simple of all lands covered by the waters of East Twin Lake and a two-third interest in the portion of the waters covering the south west part of Lot 76 and Porter Pike; was owner of and undivided One-third interest therein. It was also found that the Pikes nor any person to whom they rent boats or invite upon their property, except such persons as have obtained permission from the Twin Lakes Co., have any right to enter upon said lake for boating, fishing, trapping, or bathing, or any other purpose except upon the portion found to be owned by the Pikes. Both praties were enjoined from entering upon and using each others premises for the purposes above set forth.

In the Supreme Court it is contended by the Pikes that when Lydia Poe and Louisa Whitney conveyed their interests in the land which was covered by water, described as tracts "C" and "D", the entire portion was conveyed by virtue of the language in the deed which read in part: "Being the same lands as lately belonging to the Orange Whitney estate and the interest hereby conveyed being the undivided one-third of said premises." It is urged that there can be no question but what they intended to convey all the property which they inherited from Orange Whitney and that this would include tract "D" over which there exists the dispute.

It is further claimed that there is a presumption that the grantor conveys the title to land covered by water so far as his own title extends, whether the conveyance is bound by sea, tidal river or a fresh water stream; and that this presumption is also founded upon the reason that the land adjacent to the bank of a body of water is necessary or valuable to the adjoining proprietor but ordinarily is of no use to one who has conveyed his land bounded upon the water.

It is urged that to hold that if the deeds of Lydia Poe and Louisa Whitney did not convey tract "D", would be to hold that they intended to retain title to a tract of land of which they would not have any means of ingress or egress from the public highway, and that certain upland was only suitable to be used as a resort in connection with said water. It is stated that Boakes and Thompson, the grantees, asserted title to use this property by fishing and boating thereon up to the time this action was started.

It is claimed that when the owner of a tract of land conveys a distant part of it to another he impliedly grants all those apparent and visible easements which at the time of the grant were in use by the owner for the benefit of the part so granted; and which are essential to a reasonable use and enjoyment of the estate conveyed. It is further claimed that if there was no right of way existing by way of an appurtenance that where one is owner of a part of a lake bed, by virtue of said ownership and as a riparian right, he has a right of boating and fishing all over the waters in common with the other owners of the bed of said lake.

Attorneys—Loomis and Caris and W. J. Beckley, Ravenna, for Pike et; Kennon and Kennon, St. Clairsville, for Twin Lakes Co.